ROBERT TWIST, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Twist v. Commissioner
Docket No. 19035-85.
United States Tax Court
T.C. Memo 1986-497; 1986 Tax Ct. Memo LEXIS 110; 52 T.C.M. (CCH) 719; T.C.M. (RIA) 86497; September 30, 1986. *110 Held, the affirmative allegations in R's answer were deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure. Such allegations deemed admitted are sufficient to sustain deficiencies for the taxable years 1978 through 1980 against petitioner. Held further, the allegations deemed admitted are sufficient to satisfy R's burden of proving fraud under sec. 6653(b) with respect to the taxable years 1978 through 1980. Doncaster v. Commissioner,77 T.C. 334 (1981), followed. Robert Twist, Sr., pro se. Will E. McLeod and William V. Spatz, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT *111 AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for the purpose of hearing, consideration, and ruling on respondent's Motion for Summary Judgment filed herein. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on August 13, 1986, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
In his notice of deficiency respondent determined deficiencies and additions to tax for the taxable years 1978 through 1980 as follows: Additions to tax
Year
Income Tax
under section 6653(b)
1978
$180,007
$90,004
1979
1,326,754
663,377
1980
73,973
36,987
*112 The adjustments to income determined by respondent are that petitioner had unreported taxable income for the taxable years 1978 and 1979 in the amounts of $290,032 and $1,926,100. The basis for respondent's determination was that in the absence of adequate records respondent reconstructed income by use of the net worth method for the two years involved. With respect to the taxable year 1980, respondent determined that petitioner received interest income from Bahamian bank accounts in the amount of $133,180. At the time of filing his petition herein, petitioner's legal residence was at Fort Lauderdale, Florida. PROCEDURAL BACKGROUND After issuance of the notice of deficiency dated April 15, 1985, a timely petition was filed on June 19, 1985. Respondent's answer was filed on September 27, 1985. [3] In his answer, respondent makes affirmative allegations with respect to the addition to tax under section 6653(b) for the taxable years 1978 through 1980. No reply having been filed, respondent's Motion for Entry of Order that Undenied Allegations in Answer Be Deemed Admitted was filed on December 24, 1985. [4] On December 27, 1985, counsel for petitioner was served with a Notice *113 of Filing of Motion for Order under Rule 37 and petitioner was given until January 16, 1986 in which to file a reply. The notice also stated that "if petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer." Since no reply was filed, the Court, on January 28, 1986, ordered that the affirmative allegations of facts set forth in paragraphs 7, 8, and 9 of respondent's answer were deemed admitted for purposes of this case. On August 13, 1986, respondent's Motion for Summary Judgment was filed. By notice dated August 18, 1986, a copy of respondent's motion was served by the Court on counsel for petitioner. Petitioner was further advised that a hearing on respondent's motion was scheduled for September 10, 1986 at the Motions Session of the Court in Washington, D.C. Petitioner was further advised of the provisions of Rule 50(c) allowing *114 for the submission of a written statement in lieu of, or in addition to, attendance at the hearing. This matter was called for hearing at the Motions Session of the Court held in Washington, D.C. on September 10, 1986. Counsel for respondent appeared and presented argument in support of his motion. No appearance was made by or on behalf of petitioner nor were any documents submitted pursuant to the provisions of Rule 50(c). The following findings of fact are based on the record including allegations in respondent's answer which have been deemed admitted by our January 28, 1986 order. FINDINGS OF FACT During the taxable years 1978 through 1980, petitioner derived and received taxable income from wages, interest, consulting fees, and narcotics transactions. Petitioner failed to maintain or submit for examination by respondent, complete and adequate books of account and records of his income producing activities. As a result of petitioner's failure to keep adequate books of account and records, and the refusal to furnish to respondent such records, the amount of gross receipts, taxable income, deductions and other items required to be shown on petitioner's Federal income tax *115 returns for the taxable years 1978 and 1979 were reconstructed by respondent by use of the net worth plus personal expenditures technique of reconstructing income. For the taxable year 1980, respondent utilized the specific item method of reconstructing income. At the end of each of the taxable years 1977 through 1979, petitioner owned total assets which had a cost basis as follows: Cost as of December 31
Assets:
1977
1978
1979
Cash in Banks
$2,117.15
$2,071.56
$3,549.15
Deposit with Gilbert Bail
100,000.00
Crypts
6,363.50
13,286.50
"Windsong" a/k/a "Kathy" "Mako"
15,000.00
15,000.00
Combs-Gates Lear Jet
1,137,500.00
Embassy Condo
35,100.00
35,100.00
Hills of Inverrary Residence
155,507.97
Stock Caesar's World
198,733.93
Aircraft Engine
25,000.00
Residence Fairfax Bolliar [5]
13,900.00
13,900.00
13,900.00
Life Insurance Policies
(Cash Values)
5,788.02
6,307.71
6,813.51
Loan Receivables from
Stockholders
167,719.09
327,854.42
Boats
60,000.00
220,000.00
Automobiles
12,551.66
24,436.91
24,436.91
Total Assets
$34,356.83
$330,898.77
$2,276,682.39
*116 At the end of each of the taxable years 1977 through 1979 petitioner had total liabilities and accumulated depreciation in amounts as follows: Year
Amount
1977
$13,181.09
1978
15,368.54
1979
96,686.01
At the end of the taxable years 1977 through 1979 petitioner had a net worth and increases in net worth in amounts as follows: As of December 31
Item
1977
1978
1979
Assets
$34,356.83
$330,898.77
$2,276,682.39
Liabilities
13,181.09
15,368.54
96,686.01
Net Worth
$21,175.75
$315,530.23
$2,179,996.38
Less: Prior Year's
Net Worth
21,175.75
315,530.23
Net Worth Increases
$294,354.48
$1,864,466.15
Petitioner had personal living expenses and other adjustments which create an increase in net worth for the taxable years 1978 and 1979 as set forth below: Items:
1978
1979
Gifts
$ 1,086.75
$ 500.65
Nondeductible Eldorado
Trade in Loss
1,398.00
Personal Living Expenses
13,567.17
93,938.88
Totals
$16,051.92
$94,439.53
Less Reductions in New Worth
2,085.99
5,472.78
Totals
$13,965.93
$88,966.75
On December 31, 1977, petitioner did not own, possess or have on hand any receipts, *117 accumulations, funds or other assets which had a cost basis to him in an amount in excess of $34,356.83. Petitioner, during the taxable years 1978 and 1979, did not borrow or receive from nontaxable sources any funds or other assets not taken into account herein which would cause a variation in the net worth discussed above. The increases in net worth, plus amounts expended for nondeductible personal expenditures and other nondeductible items less reductions in net worth, of petitioner, for the taxable years 1978 and 1979 are $308,320.42 and $1,953,432.90, respectively. During the taxable year 1980 petitioner derived and received additional taxable interest income from Bahamian bank accounts for his own use and benefit in the amount of $133,180. Petitioner failed to report this amount on his Federal income tax return for the taxable year 1980. The amount of corrected taxable income, the amount reported on his Federal income tax returns, and the understatement of taxable income for each of the taxable years 1978 to 1980, inclusive, are in amounts as follows: Corrected
Income
Understatement
Year
Taxable Income
Per Return
Taxable Income
1978
$304,570.00
$14,538.00
$290,032.00
1979
1,948,426.00
22,326.00
1,926,100.00
1980
157,680.00
24,500.00
133,180.00
Totals
$2,410,676.00
$61,364.00
$2,349,312.00
*118 On January 23, 1985, petitioner entered a plea of guilty to one count of violation of section 7206(1) for the taxable year 1979. Petitioner, willfully and fraudulently, with intent to evade and defeat tax, understated his taxable income on his joint Federal income tax returns for the taxable years 1978, 1979, and 1980 in the amounts of $290,032, $1,926,100, and $133,180, respectively. The correct income tax liability, the tax liabilities reported, and the understatement of tax liabilities of the petitioner for each of the taxable years 1978 through 1980 are in amounts as follows: Corrected
Tax Liability
Understatement
Year
Tax Liability
Per Return
of Tax Liability
1978
$182,749.00
$2,742.00
$180,007.00
1979
1,331,001.00
4,247.00
1,326,754.00
1980
78,718.00
4,745.00
73,973.00
Totals
$1,592,468.00
$11,734.00
$1,580,734.00
Petitioner, willfully and fraudulently, with intent to evade and defeat tax, understated his taxes due on his joint Federal income tax returns for the taxable years 1978, 1979, and 1980 in the amounts of $180,007, $1,326,754 and $73,973, respectively. A part of the underpayment of taxes required to be shown on *119 the income tax returns of petitioner for each of the taxable years 1978, 1979 and 1980 is due to fraud. OPINION Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy if there are no genuine issues of material fact. Rule 121(b). The burden of proving that there is no genuine issue of material fact is on the moving party. Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The factual allegations in the answer respecting respondent's determination of a deficiency in income tax for the taxable years 1978 through 1980 have been deemed admitted by our order dated January 28, 1986. Accordingly, we conclude that there is no genuine issue of material fact with respect to the deficiency determination. Respondent is entitled to a judgment respecting that determination as a matter of law. [6]
With respect to the additions to tax under section 6653(b) the burden of proof is on respondent to prove by clear and convincing *120 evidence that an underpayment exists and that a part of the underpayment of tax is due to fraud with the intent to evade tax. Section 7454(a); Rule 142(b); Grosshandler v. Commissioner,75 T.C. 1 (1980); Stratton v. Commissioner,54 T.C. 255 (1970). We have previously determined that respondent's burden can be satisfied through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981) (a Court reviewed opinion).[7] The material factual allegations in the answer with respect to fraud which have been addmed admitted clearly and convincingly establish that for the taxable years 1978 through 1980 an underpayment of tax exists and part of the underpayment is due to fraud with intent to evade tax. Since there is no genuine issues as to any material fact present in the record, respondent is entitled to a decision as a matter of law. Respondent's Motion for Summary Judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(d) of the Internal Revenue Code of 1954, as amended, and Rule 180, Tax Court Rules of Practice and Procedure.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
3. On Aug. 26, 1985, we granted respondent's Motion for Extension of Time Within Which to File Answer. ↩
4. According to the certificate of service attached to the motion, petitioner's counsel was served on Dec. 23, 1985.↩
5. While this entity is shown as Brolliar in the notice of deficiency, the answer sets forth the entity as shown above.↩
6. There is ample support for use of a reconstruction of income. Holland v. United States,348 U.S. 121 (1954); Bedeian v. Commissioner,54 T.C. 295↩ (1970).
7. See also Jackson v. Commissioner,T.C. Memo. 1986-15↩ and cases cited therein at n. 8.